# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-12-CR-326-PRM |
| WENCESLAO MIRAMONTES-MURILLO, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION DENYING SENTENCING OBJECTIONS

On this day, the Court considered the above-captioned cause. On June 27, 2012, the Court denied Defendant Wenceslao Miramontes-Murillo's (Miramontes) objections to the Presentence Investigation Report (PSR) and imposed a sentence of thirteen months and one day's confinement and one year's supervised release. J. in a Criminal Case 2-3, ECF No. 34. The Court now writes to explain the basis for denying Miramontes's objections.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2012, the United States of America (the Government) indicted Miramontes for violating 8 U.S.C. § 1326, a statute that imposes criminal penalties on aliens who have been previously deported and who, lacking lawful permission to do so, illegally re-enter the United States. ECF No. 9. On March 28, 2012, Miramontes entered a plea of guilty before a United States Magistrate Judge (ECF No. 19), which plea the Court accepted on April 4, 2012 (ECF No. 21).

The PSR attributes a total offense level of six and a criminal history of ten points to Miramontes for a guideline range of imprisonment of nine to fifteen months. PSR ¶¶ 20, 35, 58, May 31, 2012, ECF No. 23. The criminal history calculation is based, in part, on Miramontes's

prior convictions for: (1) driving under the influence; (2) driving with a revoked license; and (3) aggravated driving while under the influence. PSR ¶¶ 25, 27, 28.

As to each of these prior convictions, Miramontes objects that they cannot be used to increase his criminal history calculation. Objections to PSR 1, May 24, 2012, ECF No. 23-2 [hereinafter Objections]. As to each of the proceedings leading to these prior convictions, Miramontes acknowledges that he signed documents purporting to waive his constitutional right to counsel and that he pled guilty. Obj. 1-2. Nevertheless, he argues that "it is not clear that these waivers were knowingly and voluntarily given" because the waivers contain inaccurate and misleading statements or because he was unable to read the waivers. *Id.* at 1. Given the alleged infirmities with the waivers, he asserts that he was deprived of his constitutional right to counsel and that these prior convictions cannot be used now to increase his criminal history score. *Id.*

## II. DISCUSSION

### A. Legal Authority

Criminal history points are calculated based on the existence of a "prior sentence." United States Sentencing Commission Guideline Manual (U.S.S.G.) § 4A1.1 (2011). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." § 4A1.2(a).

However, if a prior sentence from a prior conviction results from a proceeding in which the defendant was wrongfully deprived of his right to counsel, the prior sentence cannot be used to increase the defendant's criminal history score. *United States v. Guerrero-Robledo*, 565 F.3d 940, 943 (5th Cir. 2009) (discussing *Burgett v. Texas*, 389 U.S. 109, 115 (1967)). When, as here, a defendant challenges the validity of his prior state court convictions in a collateral attack, the

law of the state of conviction determines which party bears the burden of demonstrating an invalid waiver. *Guerrero-Robledo*, 565 F.3d at 944.

B. **Miramontes's Colorado Convictions**

Two of Miramontes' prior sentences, (1) for driving under the influence and (2) for driving with a revoked license, PSR ¶¶ 25, 27, took place pursuant to Colorado law; therefore, the Court applies Colorado law relevant to collateral attacks. In Colorado, "[u]pon challenging the validity of [a] prior conviction [in a collateral attack], the defendant's burden is to make a prima facie showing that the challenged conviction was unconstitutionally obtained." *People v. Hrapski*, 718 P.2d 1050, 1056 (Colo. 1986); *see also People v. Wiedemer*, 852 P.2d 424, 429 (Colo. 1993) (distinguishing direct from collateral attacks). "A prima facie showing is made if the evidence, considered in a light most favorable to the defendant, would permit a court to conclude that the conviction failed to meet the relevant constitutional standards." *People v. Coleman*, 844 P.2d 1215, 1219 (Colo. App. 1992).

In contravention of the legal standard described above, Miramontes operates under the mistaken belief that the Government bears the burden of proving a valid waiver.[1] He merely argues that the waivers are "not legally sufficient." Supplemental Obj. 1, June 19, 2012, ECF No. 31-1. Miramontes is not actually arguing that he "did not in fact waive counsel." *Id.*

---

[1] Miramontes evidences a misunderstanding of the burden when he argues that "[a]bsent proof Mr. Miramontes was represented in this proceeding, the conviction cannot be used to enhance his sentence, nor for criminal history points." Obj. 2. It is the Government's burden to prove the *existence* of a prior conviction. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007). But where, as here, Miramontes challenges the *validity* of a prior state conviction, the law of the state of conviction governs the allocation of the burden. *Guerrero-Robledo*, 565 F.3d at 944.

3

1.  **Objection to Paragraph 25**

The waiver signed by Miramontes is in Spanish. Both the Government and Miramontes translated the waiver. Miramontes's translation[2] of the challenged portion reads:

> If you do not have the financial means to obtain an attorney, you may request that one be appointed to you. . . . However, an attorney will not be assigned in misdemeanor cases, violations or other charges included in clause (or provision) 42 of C.R.S. In which case[,] the district attorney will interview you and submit a written statement to the judge advising him that they are not requesting incarceration as part of the penalty.

Suppl. Obj. Ex. 1. This waiver contains a misstatement of the law because any time an indigent person's prosecution "actually leads to imprisonment," as was the case for Miramontes, that person is entitled to a court appointed attorney regardless of how that crime is labeled or what a prosecutor requests from a judge. *Alabama v. Shelton*, 535 U.S. 654, 657, 661 (2002) (describing the "'actual imprisonment' rule") (citing *Argersinger v. Hamlin*, 407 U.S. 25, 33, 37 (1972) and *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979)).[3]

Regardless of the flawed waiver, Miramontes's failure to make an offer of proof or even assert that he did not knowingly and intelligently waive his right to counsel demonstrates that he has failed to carry his burden. In the Fifth Circuit, even where a trial judge's plea colloquy leading to the prior sentence is flawed, a district court may still use the prior sentence to score criminal history points if the defendant fails to meet his burden of demonstrating that he did not

---

[2] The differences between the Government's and Miramontes's translations are not relevant to the Court's determination of this issue.

[3] Interpreting the Sixth Amendment, the Supreme Court has determined that "'absent a knowing and intelligent waiver, no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial'" or any other "critical stage" of the proceedings leading to a conviction. *Alabama v. Shelton*, 535 U.S. 654, 662 (2002); *see Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004) (explaining that the right to counsel adheres "at all critical stages of the criminal process").

knowingly and intelligently waive his right to trial. *United States v. Pino Gonzalez*, 636 F.3d 157, 159-60 (5th Cir. 2011).[4] In other words, legal error by a court in advising defendants of their right to counsel does not necessarily make the resulting conviction constitutionally infirm. The key question is whether a defendant knowingly and intelligently waived his right to counsel.[5]

Miramontes has failed to meet his burden because he has not even asserted that he did not knowingly and intelligently waive his right to counsel. Additionally, he fails to assert that he did not know that he had a right to counsel. Lastly, he offers no affirmative evidence, such as an offer of proof or an affidavit, indicating that his waiver was not knowing and intelligently made. *See People v. Fleming*, 781 P.2d 1384, 1388 (Colo. 1989) (concluding that where a defendant "presented no affirmative evidence" that his prior convictions were obtained unconstitutionally,

---

[4] The Fifth Circuit panel found it "[s]ignificant[]" that the defendant did "not assert that he was *unaware* of his right to court-appointed counsel at his plea colloquy. [The defendant] simply assert[ed] that the court failed to specifically advise him of this right." *Pino Gonzalez*, 636 F.3d at 160 (citing *Iowa v. Tovar*, 541 U.S. 77, 85 (2004) (making a similar observation)). Similarly, in *Benavides-Hernandez*, the defendant was not specifically informed of his right to a court-appointed attorney. *Id.* (discussing *United States v. Benavides-Hernandez*, 2005 WL 2739071 (5th Cir. Oct. 24, 2005)). The panel characterized the *Benavides-Hernandez* decision as concluding "that the defendant had nevertheless 'not met his collateral-attack burden of showing that his waiver of counsel . . . was not competent and intelligent' because he 'did not provide evidence or make an offer of proof that he *did not know* he had a right to appointed counsel.'" *Id.* (emphasis in original); *see also Tovar*, 541 U.S. at 93 (noting that the defendant did not "assert that he was unaware of his right to be counseled . . . . [H]e suggests only that he '*may have been* under the mistaken belief that he had a right to counsel at trial, but not if he was merely going to plead guilty'"). Similarly, Defendant merely contends that "it is not clear that these waivers were knowingly and voluntarily given." Obj. 1.

[5] "The information a defendant must possess in order to make an intelligent [waiver] . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Tovar*, 541 U.S. at 88 (citation omitted).

he failed to prove a prima facie case).[6] Given Miramontes's failure to carry his burden, the Court will deny his objection to paragraph 25 of the PSR.

### 2. Objection to Paragraph 27

Miramontes translated the challenged portion of the waiver to read, [I understand that I have] "[t]he right to a lawyer at no cost if the possibility of incarceration exists and the court determines I am indigent and cannot afford to pay for one."[7] Suppl. Obj. Ex. 2. Miramontes fails to point to any constitutional error in this waiver, and the Court perceives none. If anything, this statement informs Miramontes of a right to counsel that is broader than the Constitution requires because it speaks to the "possibility of incarceration," rather than actual incarceration. Moreover, as discussed in the preceding section, he does not allege that his waiver was not knowing and intelligently made. Accordingly, the Court will deny his objection to paragraph 27 of the PSR.

### C. The New Mexico Conviction—Objection to Paragraph 28

Under New Mexico law, when defendants wish to collaterally attack a prior conviction, the defendants bear the burden of proving the invalidity of the prior conviction by showing "fundamental error." *State v. Pacheco*, 183 P.3d 946, 949 (N.M. App. 2008). To demonstrate "fundamental error," a defendant must show that the "the errors complained of must be such as go to the foundation of the case, and which deprive the defendant of rights essential to his defense." *Id.* (internal quotation and citation omitted). Where, as here, the defendant challenges

---

[6] *Cf. People v. Morrison*, 583 P.2d 924, 927 (Colo. 1978) (holding that the defendant met his prima facie burden when he testified under oath that he had not been represented by counsel or waived his right to counsel and the prosecution did not cross-examine him or provide any contradictory evidence); *see also Mallard v. Cain*, 515 F.3d 379, 382 (5th Cir. 2009) (rejecting a claim similar to Miramontes's where the defendant failed to provide any evidence).

[7] The differences between the Government's and Miramontes's translations are not relevant to the Court's determination of this issue.

prior convictions resulting from a guilty plea, "(1) the error must be clear, and (2) the error must clearly have affected the outcome." *Id.* (internal quotation and citation omitted).

In *Pacheco*, the New Mexico appellate court rejected the defendant's argument that her prior guilty pleas were not knowing and voluntary even though it "recognize[d] the inadequacies of the municipal court judge's procedure in accepting guilty pleas." *Id.* at 950. However, the defendant failed to provide any specific evidence of deficiencies in *her* actual pleas and failed to offer any proof that she would not have pled guilty if the judge had more properly informed her of her rights. *Id.*

In the present case, Miramontes contends that his waiver was inadequate because it was written in English, "a language he does not read," and because "there is no indication that the form was ever read to him in Spanish." Obj. 2. Miramontes's analysis is deficient because New Mexico law does *not* place the burden on the Government to indicate that the waiver was read to him in Spanish or that he understood the waiver; the burden is on Miramontes to affirmatively prove that his waiver was not knowingly and intelligently made.

Further, as with his prior objections, Miramontes has not asserted that he did not waive his rights knowingly and voluntarily. He does not allege that his rights were not verbally explained to him in Spanish or verbally explained to him in English (the record reflects he has some understanding of English).[8] New Mexico appellate courts follow the "presumption of regularity" in situations such as this. *Pacheco*, 183 P.3d at 950 (citing *Parke v. Raley*, 506 U.S. 20, 29-31 (1992) (holding that where plea colloquies have a long standing history of being

---

[8] The criminal complaint from Miramontes's New Mexico convictions reveals that he was able to comprehend and respond to English-language instructions given by the arresting officer. PSR Ex. 3, Criminal Compl. However, when the officer attempted to explain New Mexico's "Implied Consent Act" in English, Miramontes stated that he did not understand. *Id.* Thereafter, the arresting officer brought in a Spanish-speaking officer to explain the law. *Id.*

required, it is permissible to presume that those procedures were followed even when a transcript is unavailable)). Accordingly, Miramontes has failed to carry his burden of demonstrating that his rights were not conveyed to him in a language that he understands and that he did not knowingly and voluntarily waive his rights.

III.   **CONCLUSION**

As to Miramontes's objections to paragraphs 25, 27, and 28 of the PSR, Miramontes has failed to carry his burden of demonstrating that he did not knowingly and voluntarily waive his right to counsel in the prior state proceedings leading to the prior sentences he now challenges. Accordingly, the Court denied Miramontes's objections at his sentencing hearing.

**SIGNED** this __10__ day of **July, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE